IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                                    Criminal No. 1:24-00144

RANDY HIGHTOWER

## **MEMORANDUM OPINION**

On January 3, 2025, the court denied a motion filed by counsel for defendant asking that defendant be required to undergo a psychological/competency examination.  See ECF No. 30. The reasons for that decision follow.

On December 9, 2024, the court held a hearing on the motion.  Defendant appeared in person and by counsel, John Anderson.  Timothy D. Boggess appeared for the United States.

At the hearing, counsel for defendant proffered an account of defendant's recent behavior and indicated that, in his opinion, defendant may be suffering from a mental disease or defect.  Defendant, for his part, vehemently denied that a competency evaluation was necessary.  Furthermore, during the hearing, defendant appeared lucid and able to understand the proceedings and indicated that he was ready to participate in defending his case.  The record before the court, including the pretrial services report, indicates that defendant has no history of any mental health conditions, diagnosis, or

treatment.  Nor is there any documentary evidence that he

currently has a mental health condition.[1]

Relying on Mr. Anderson's account, the government took the

position that granting the motion would be the best course of

action here.

Title 18 United States Code Section 4241(a) provides as

follows:

> At any time after the commencement of a prosecution
> for an offense and prior to the sentencing of the
> defendant, or at any time after the commencement of
> probation or supervised release and prior to the
> completion of the sentence, the defendant or the
> attorney for the Government may file a motion for a
> hearing to determine the mental competency of the
> defendant.  The court shall grant the motion, or shall
> order such a hearing on its own motion, if there is
> reasonable cause to believe that the defendant may
> presently be suffering from a mental disease or defect
> rendering him mentally incompetent to the extent that
> he is unable to understand the nature and consequences
> of the proceedings against him or to assist properly
> in his defense.

"Section 4241 sets a low threshold."  United States v. Vandyke,

64 F. App'x 877, 878 (4th Cir. 2003).

Based upon the evidence of record, the court could not find

that there is reasonable cause to believe that the defendant may

presently be suffering from a mental disease or defect rendering

---

[1] By Order entered December 17, 2024, the court directed the
Probation Office to provide the court with a copy of defendant's
Presentence Investigation Report from 2009.  That report did
not contain any suggestion that defendant was suffering from a
mental disease or defect as of the date the report was prepared.

him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  To the contrary, defendant appeared coherent and ready to assist in his defense.  Although defense counsel was bothered by certain things defendant said to him, those conversations do not show that defendant is incompetent to stand trial but, rather, that defendant might have some different ideas.  See, e.g., United States v. McLaughlin, 675 F. App'x 387, 387 (4th Cir. 2017) (no error in court's decision to deny continuance to hold competency hearing where "court perceived McLaughlin's behavior was a product of his defiance and adherence to Moorish Nationalist ideals, rather than any mental instability").  Furthermore, the lack of any documented history of mental health problems or treatment suggests that defendant is competent.  See, e.g., United States v. Gaines, No. 94-5738, 60 F.3d 826, *2 (4th Cir. 1995) (unpublished) (finding no abuse of discretion in district court's denial of competency hearing where the "court found no evidence that [defendant] was unable to understand the proceedings against him, specifically noting that there was no documented history of psychological problems or treatment").  The court therefore **DENIED** the motion for a hearing to determine defendant's mental competency.

3

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

**IT IS SO ORDERED** this 24th day of June, 2025.

ENTER:

David A. Faber
Senior United States District Judge