IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 1:24-00144

RANDY HIGHTOWER

<u>**MEMORANDUM OPINION AND ORDER**</u>

On July 28, 2026, the parties appeared for a guilty plea hearing.  Present at that hearing were defendant, in person and by counsel, Lex A. Coleman, Assistant Federal Public Defender; and Assistant United States Attorney Brian D. Parsons.  Mr. Coleman informed the court that defendant no longer wished to change his plea to guilty and had, instead, elected to go to trial.  Trial of this matter was scheduled for the next day.  Mr. Coleman moved to continue the trial for a short period to allow adequate time to prepare the matter for trial.

Because failure to grant the requested continuance would likely result in a miscarriage of justice, the court found that the ends of justice outweigh the best interest of the defendant and the public in a speedy trial, <u>see</u> 18 U.S.C. § 3161(h)(7)(A), and **GRANTED** the defendant's motion to continue.  In deciding to grant the motion to continue, the court considered the factors outlined in 18 U.S.C. §3161(h)(7)(B) and finds that failure to

grant a continuance would deny counsel adequate time to prepare this matter for trial.

Accordingly, the court hereby **ORDERS** as follows:

1.    Trial of this action is continued until September 15, 2026, at 9:30 a.m., in Bluefield.

2.    Pursuant to 18 U.S.C. § 3161(h)(7)(A), the time from July 27, 2026, until the trial is excludable for purposes of the Speedy Trial Act.

At the conclusion of the hearing, defendant was remanded to the custody of the United States Marshal Service.  Counsel for defendant asked that the court order that defendant remain in USMS custody so that he might have access to defendant to prepare the case for trial.  The court informed defendant that it did not have the authority to grant the relief requested as "statutes and regulations provide the United States Marshal Service with broad authority to determine where to house its prisoners."  United States v. Espinoza-Arevalo, Criminal Action No. 14-00332-02-CR-W-BP, 2015 WL 9598299, at *3 (W.D. Mo. Dec. 30, 2015) (see authorities cited therein).  Furthermore, as a sentenced federal prisoner, defendant's place of incarceration is subject to the wide discretion of the Bureau of Prisons.  See U.S.C. § 3621.  Defendant appears in this court pursuant to letters of production issued by the United States Attorney's

Office to the BOP.  In light of the foregoing and defendant's failure to point out any authority that would allow it to do so, the court determined that it could not order defendant to be incarcerated at a certain facility or remain in USMS custody.

The court is, however, eager to resolve this almost-two-year-old case.  Therefore, the court **RECOMMENDS** that defendant be incarcerated at the nearest suitable facility to his attorney in Charleston, West Virginia in order to allow for trial preparation.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 28th day of July, 2026.

ENTER:

David A. Faber
Senior United States District Judge