IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

UNITED STATES OF AMERICA

v. CRIMINAL NO. 1:24-00144

RANDY HIGHTOWER

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the motion of defendant's counsel, Lex Coleman, to be relieved as counsel in this matter. (ECF No. 159). Mr. Coleman contends that a conflict of interest exists between defendant and Mr. Coleman, as well as the Office of the Federal Public Defender. Mr. Coleman's motion is based upon the contents of a pro se letter the court received from defendant.

The Sixth Amendment provides in relevant part: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. According to the Fourth Circuit:

> The Supreme Court has held that the Sixth Amendment guarantees to all criminal defendants the right to effective assistance of counsel. A necessary corollary to the right to effective assistance of counsel is the "right to representation that is free from conflicts of interest."

Burket v. Angelone, 208 F.3d 172, 184 (4th Cir. 2000) (internal citations and quotations omitted).

Based on the foregoing and because Mr. Coleman has an actual conflict of interest, the court **GRANTS** his motion to withdraw and permits the withdrawal of Mr. Coleman, Mr. Bungard, and the Office of the Federal Public Defender. Having previously found the defendant to be indigent and entitled to appointment of counsel under the Criminal Justice Act, the court **APPOINTS** Olubunmi Kusimo-Frazier as counsel for the defendant.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, to the Probation Office of this court, to the Office of the Federal Public Defender, and to the CJA Supervising Attorney.

**IT IS SO ORDERED** this 25th day of September, 2026.

ENTER:

David A. Faber
Senior United States District Judge