**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BLUEFIELD**

**UNITED STATES OF AMERICA**

**v.** **CRIMINAL NO. 1:24-00144**

**RANDY HIGHTOWER**

**MEMORANDUM OPINION AND ORDER**

Pending before the court are several motions filed by defendant: 1) a motion to continue the trial (ECF No. 169); 2) a motion to transfer (ECF No. 170) ; and 3) a motion to seal the motion for a competency exam (ECF No. 171). Upon consideration of all three motions, the court hereby **SCHEDULES** a hearing on the motion for a competency exam for Tuesday, November 10, 2026, at 1:00 p.m., in Charleston. The motion to seal is **GRANTED** and the court will address whether it needs to remain under seal at the November 10 hearing.

Because the issue of defendant's competency to stand trial needs to be resolved before trial, the current trial date of November 10, 2026, is unworkable. It would be a waste of resources for the attorneys to prepare for trial while the motion for a competency exam remains pending. Accordingly, the motion to continue is **GRANTED** and trial of this matter is **CONTINUED** until December 7, 2026, at 9:30 a.m., in Bluefield.

The court finds the ends of justice served by ordering the continuance outweigh the best interest of the defendant and the public in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A), because going forward with trial while there is a question regarding defendant's competency would be a miscarriage of justice. In so finding, the court considered the factors outlined in 18 U.S.C. § 3161(h)(7)(B) and finds that a failure to order this continuance "would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." Id. § 3161(h)(7)(B)(i). Pursuant to 18 U.S.C. § 3161(h)(7)(A), the time from the filing of the motion to continue until the trial is excludable for purposes of the Speedy Trial Act.

The court is without authority to order the relief requested in the motion to transfer and it is **DENIED**.[1] The

---

[1] Pursuant to 18 U.S.C. § 4086, the Attorney General, "shall provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." The Attorney General has delegated authority regarding the custody of prisoners to the United States Marshal's Service (USMS). See 28 CFR §§ 0.111(o), 0.111(k); United States v. Adams, Case No. 1:20-cr-00068, 12325121, at *1 (D.N.D. Sept. 3, 2021).

"Courts have recognized that these statutes and regulations provide the United States Marshal Service with broad authority to determine where to house its prisoners." United States v. Espinoza-Arevalo, Criminal Action No. 14-00332-02-CR-W-BP, 2015 WL 9598299, at *3 (W.D. Mo. Dec. 30, 2015). "This open-ended

government is, however, directed to share the contents of defendant's motion with the USMS so that it is aware of any safety concerns.

The Clerk is directed to forward a copy of this Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

It is **SO ORDERED** this 28th day of October, 2026.

ENTER: David A. Faber

David A. Faber
Senior United States District Judge

---

authority recognizes the Marshals Service's need to 'weigh concerns of expense, administration, payment, access to the premises, and the veritable plethora of factors' relative to placement." Sanders v. United States, 502 F. Supp.2d 493, 496 (E.D. Va. 2007) (quoting Williams v. United States, 50 F.3d 299, 310 (4th Cir. 1995)); see also Espinoza-Arevalo, 2015 WL 9598299, at *5 ("The United States Marshal Service must consider what facilities have room to house a prisoner, whether appropriate medical or psychiatric care is available for an inmate's specific needs, whether the inmate must be separated from other inmates in the custody of the Marshal, whether the inmate will have reasonable access to his attorney given his proximity, etc.").

Therefore, this court has no authority to direct the USMS to house a defendant at a particular location. See Lettieri v. United States Federal Marshals, 23-CV-246-LJV, 2023 WL 6880482, at *2 (W.D.N.Y. Oct. 18, 2023); Adams, 12325121, at *1; see also United States v. Garcia, Criminal Action No. 24-cr-00106-NYW-1, 2025 WL 2021394, at *17 (D. Colo. July 18, 2025) ("[T]his Court has no authority over the United States Marshals as to where [federal pretrial detainee] is detained pending trial."); United States v. Thomas, No. 3:20-cr-51(SRU), 2022 WL 2315624, at *5 (D. Conn. June 28, 2022) (declining to transfer federal presentencing detainee to another facility because the decision where to house detainee "was appropriately within the USMS's discretion").